**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LARRY PHILPOT

                Plaintiff,

      -against-

ACB ASSOCIATES, L.P., THE NEW YORK
OBSERVER L.P.,: THE NEW YORK
OBSERVER, LLC, and "COMPANY ABC"
d/b/a OBSERVER
MEDIA

              Defendants.

Civil Action No.:  1: 17 Civ. 4646 (DAB)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AMENDED
COMPLAINT**

**Garson, Ségal, Steinmetz, Fladgate LLP**
164 West 25th Street Suite 11R
New York, NY 10001
Tel  (212) 380-3623
Fax  (347) 537-4540
rg@gs2law.com
Attorneys for Defendant

**Table of Contents**

FACTUAL BACKGROUND ................................................................................... 1

ARGUMENT ....................................................................................................... 3

   I.   PHILPOT'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO PLAUSIBLY ALLEGE OWNERSHIP OF A VALID COPYRIGHT. ............................................. 5

   II.  ONLY ACB AND NYO HAVE BEEN PROPERLY SERVED AND THEREFORE OBSERVER L.P. AND OBSERVER MEDIA FALL TO BE DISMISSED. .................................................. 8

   III.  NYO IS THE ONLY PROPER DEFENDANT IN THIS CASE THEREFORE ACB AND OBSERVER MEDIA FALL TO BE DISMISSED. .................................................................. 9

CONCLUSION .................................................................................................... 10

Pursuant to Federal Rule of Civil Procedure 12(b) (5) and (6), defendants ACB Associates, L.P. ("ACB"), The New York Observer, L.P. ("Observer L.P."), The New York Observer, LLC (''NYO") and "Company ABC" d/b/a Observer Media ("Observer Media")(collectively the "Defendants) respectfully submit this memorandum of law in support of its motion to dismiss plaintiff Larry Philpot's ("Philpot") first amended complaint dated July 17, 2017 (the "Amended Complaint" or "Amend. Cplt'' attached to Declaration of Robert Garson ("Garson Decl") as Ex. A) .

## FACTUAL BACKGROUND

Philpot, a serial copyright litigant[1], who seemingly has never derived any licensing revenue from the photograph at the heart of the Amended Complaint,  has brought suit against the

---

[1] Philpot has launched over 50 federal complaints, many in this forum – *Larry G. Philpot v. Korangy Publishing Inc*. 1:16-cv-01200 (SDNY), *Philpot v. Toledo Radio, LLC* 1:14-cv-01983 (SDIN), *Philpot v MLB Advanced Media et al*. 1:16-cv-01128 (SDNY), *Philpot v. UMG Recordings, Inc.*, 1:17-cv-05058 (SDNY), *Philpot v. Manhattan Media LLC* 1:14-cv-01284 (SDIN), *Philpot v. Shannon McLay* 1:14-cv-01283 (SDIN), *Philpot v.  Mansion America, LLC  et al.* 1:14-cv-01357 (SDIN), *Philpot v. Bake Me A Wish*, LLC, 1:14-cv-01356 (SDIN), *Philpot v. Everything Brooklyn Media LLC* 1:14-cv-01377 (SDIN),  *Philpot v. TiqIQ Inc*.1:17-cv-04822 (SDNY), *Philpot v. Domains by Proxy Incorporated* 2:2017-mc-00040 (AZD), *Philpot v. HNGN Inc*. 1:17-cv-04589 (SDNY), *Philpot v. Planck*, LLC 1:17-cv-04513 (SDNY), *Philpot v. Multimedia Graphic Network, Inc. et al*. 3:17-cv-01201 (SDCA), *Philpot v. LM Communications II of South Carolina, Inc*. 5:17-cv-00173 (EDKY),  *Philpot v. Iheartmedia, Inc*. 1:16-cv-09156 (SDNY), *Philpot v. Gannett Company, Inc*. 1:16-cv-09155, *Philpot v. Gray Television, Inc*.  3:15-cv-00145 (NDIN), *Philpot v. Townsquare Media* 1:14-cv-02079 (SDIN), *Philpot v. Prestige Real Estate Group*, LLC et al. 1:14-cv-0208 (SDIN), *Philpot v. Music Times, LLC* 1:14-cv-01978 (SDIN), *Philpot v Eagle Communications, Inc*. 1:14-cv-01984 (SDIN), *Philpot v. Curtis Media Group* 1:14-cv-01981 (SDIN), *Philpot v. The Celebrity Café.com, LLC* 1:14-cv-01982, *Philpot v. Gray Television, Inc*. 1:14-cv-01977 (SDIN),  *Philpot v. Dotcom Plus, LLC* 1: 2014-cv-01980 (SDIN), *Philpot v. Relix, Inc*. 1:16-cv-01204 (SDNY), *Philpot v. Lemonwade LLC* 1:16-cv-01201 (SDNY), *Philpot v. Mediander LLC* 1:16-cv-00768 (SDNY), *Philpot v. Mackin et al*. 7:16-cv-00060 (SDNY), *Philpot v. Author's Guild, Inc. et al*. 1:16-cv-00026 (SDNY), *Philpot v. Thecelebritycafe.com et al*. 1:16-cv-00002 (SDNY), *Philpot v. Toledo Radio*, LLC 3:15-cv-01401 (NDOH), *Philpot vs. Eagle communications, Inc*. 6:15-cv-01214 (KSD), *Philpot v Oak Ridge Boys Theater et al*. 4:16-cv-00483 (WDMO), *Philpot v. Voice Media Group, Inc*. 1:2016-cv-01851 (SDNY), *Philpot, Larry v. Midwest Communications, Inc*. 3:16-cv-00145 (WDWI), *Philpot v. Kos Media LLC* 1:16-cv-01523 (SDNY), *Philpot v. Ranker, LLC*, 1:16-cv-01332 (SDNY), *Philpot v. Kanter* 1:16-cv-01331 (SDNY), *Philpot v. A&E Television Network LLC* 1:16-cv-01329 (SDNY), *Philpot v. Music Times LLC* 1:16-cv-01277 (SDNY), *Philpot v. New Bay Media LLC* 1:16-cv-01241 (SDNY), *Philpot v, Rural Media Group* 1:14-cv-01985 (SDIN), *Philpot v. Catholic Family Center* 1:14-cv-01788 (SDIN), *Philpot v. 420 Magazine, Inc*, 1:2014-cv-01790 (SDIN), *Philpot v. WKMS/Murray State University* 1:14-cv-01789 (SDIN), *WUIS/ University of Illinois, Springfield* 1:14-cv- 01791 (SDIN)

Defendants, alleging that all the Defendants, without specifying if directly or vicariously, are responsible for the allegedly violative conduct complained of, despite his counsel having been told that the only entity that should conceivably appear in the caption is The New York Observer, LLC that owns and operates the website www.observer.com.

The gravamen of the Amended Complaint is that a photograph on the entertainer Larry Gatlin performing at the Jonny Cash US postage stamp launch on June 5, 2013 (the "Photograph") was used[2] in conjunction with a short list online post dated June 16, 2016 of things to do in Kennebunks, Maine (the "Post"). *See* Amend Cplt. ¶¶13-14 and associated exhibits.

The first iteration of Philpot's complaint (the "Complaint'') was simply against ACB, which while not being properly served at that time, was sent to the NYO offices, indicating that Philpot knew of NYO's address. It was patently clear that the Complaint had been ill-researched so, in an effort to guard against frivolous suits against non-entities, counsel for Defendants contacted Philpot's attorney of record informing him that the ACB entity was, at that stage, unknown to the NYO management and that the wrong party had been sued. Rather than having a streamlined and consolidating effect against the correct party, utilizing the phrase "Upon information and belief," decided to take a scatter-gun approach and allege that at least four (4) entities were involved in hosting and publishing the Post. see Amend. Cplt. ¶¶ 21-24. Despite having been directed towards the correct entity, the Court might think that such an approach beggar's belief. In short, Defendants ACB,  Observer L.P., to the extent that they could be construed as separate entities, and Observer Media have no place in this case and should be dismissed as being improper parties. Only NYO should remain.

---

[2] Reserving Defendants' right to advance a fair use defense if this matter progresses that far.

Even if NYO remains, the Amended Complaint fails to plausibly allege ownership of a valid copyright in the Gatlin Photograph and hence falls to be dismissed.  As far as it can be ascertained, Philpot contends that he "created the Photograph," (Amend. Cplt. ¶10) "has, at all times, been the sole owner of all right, title, and interest in the copyright in the Photograph," (Amend. Cplt. ¶11) which he defines as the Copyright.  Philpot maintains that this Copyright was registered "in a collection of photographic works, with the United States Copyright Office. On or about August 21, 2013, Philpot received for those works United States Copyright Registration No. VAu 1-164-624." (Amend. Cplt. ¶12).

The Amended Complaint fails to allege when Philpot took the Photograph and other than the registration number, he also fails to allege or specify anything about the copyright registration that supposedly covers the Photograph.  Philpot's infringement claim falls to be dismissed at this stage since the registration is facially invalid since, due to its own terminology, it covers a collection of unpublished works, yet the Photograph was not only published but was utilized by the online music magazine www.onstagemagazine.com in addition to it having being published on Philpot's own site www.soundstagephotography.com.

Absent a valid registration, Philpot is precluded from bringing the instant infringement claim and from recovering the incredulous monetary relief prayed. *See* Amend. Cplt. at p. 6 (prayer for relief); 17 U.S.C. § 412.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In considering a motion to dismiss pursuant to Rule 12(b)(6), "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor

of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)(internal quotation marks and citation omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Employing the plausibility standard is a "context-specific task" requiring the Court "to draw on its judicial experience and common sense. Id at 663-64. Thus, while the court is generally required, on a motion to dismiss, to accept a complaint's factual allegations as true, the court "need not feel constrained to accept as truth conflicting pleadings that make no sense ... or that are contradicted either by statements in the complaint itself[,] [by prior complaints] or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases).  see also *Colliton v. Cravath, Swaine &: Moore LLP*, No. 08-CV-400, 2008 WL4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (Court need not accept facts as true "[w]here a plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss ... [ and] directly contradicts the facts set forth in his original complaint"), *aff'd*, 356 F. App'x 535 (2d. Cir. 2009).

Courts faced with a motion to dismiss generally limit their consideration solely to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  That being said, Courts do not give carte blanche to tailored complaints and have explained that "Rule 11 imposes an affirmative duty on the parties to conduct a reasonable inquiry into the

applicable law and facts prior to filing. An inquiry is considered reasonable under the circumstances if it provides the party with an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact." *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 493 (D.Del.1998) (quotation marks and citations omitted).

I.      PHILPOT'S COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO PLAUSIBLY ALLEGE OWNERSHIP OF A VALID COPYRIGHT.

The question in this case has been litigated time and again and the authorities provide a clear answer that a published work included in an unpublished collection copyright registration application cannot be registered as part of that collection and that wrongly identifying several published individual works as an unpublished collection is a fundamental registration error.

The possession of a valid copyright registration is a prerequisite to bringing a claim for copyright infringement. *See* 11 U.S.C. § 411(a) ("'[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim bas been made in accordance with this title"); *Reed Elsevier. Inc. v. Muchnick*, 559 U.S. 1S4, 158 (2010) (stating that the Copyright Act "establishes a condition - copyright registration - that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions"); *Robinson v. The Princeton Review Inc.,* 41 U.S.P.Q.2d 1008, 1015 (S.D.N.Y. 1996) ("(A)s most of the cases in this Circuit to have considered the issue have held, registration is a prerequisite to commencement of an action for copyright infringement"). Without a valid registration, the attending infringement claim must be dismissed. *See. e.g.*, *Ipreo Holdings LLC. Thomson Reuters Corp.*, No. 09 CV. 8099 BSJ, 2011 WL 855872, at *5 (S.D.N.Y. Mar. 8, 2011) (dismissing copyright infringement claim where plaintiff had no valid copyright registration).

5

Furthermore, it is well settled law that even a claimant relying upon a registration certificate is unable to sustain a claim of infringement when such registration was obtained from the Copyright Office without compliance with the regulations governing the registration of copyrights. *See Family Dollar Stores, Inc. v. United Fabric.s Int'I*, Inc., 896 F. Supp. 2d 223, 229-230 (S.D.N.Y. 2012); *McLaren v. Chico's Fas, Inc*., No. 10 Civ. 2481 (JSR), 2010 WL 4615772, **3-4 (SD.N.Y. Nov. 9, 2010).

Philpot maintains that he "has, at all times, been the sole owner of all right, title, and interest in the copyright in the Photograph." (Amend. Cplt. ¶11). The registration is facially invalid since the Photograph was published at the time Philpot filed his copyright application for an unpublished collection - a "fundamental registration error" in clear violation of the Copyright Office's stated registration practices. *See Family Dollar Stores* 896 F. Supp. 2d at 230 (''Wrongly identifying a number of published individual works as an unpublished collection is a fundamental registration error," requiring invalidation of a copyright registration.)(quoting *Determined Prods., Inc. v. Koster, No*. C 92-1697 BAC, 1993 WL 120463, at *1 (N.D. Cal. Apr. 13, 1993)) (internal quotations omitted)); see also U.S. Copyright Office, Compendium III: Compendium of Copyright Office Practices at § 1106; see also 37 C.F.R 202.3(b)(4) (both published and unpublished works cannot be registered as an unpublished collection).

In the instant case, the registration certificate professedly covers a collection of visual works - namely, the "Concert Photographs through August 15, 2013" - that were ''unpublished'' as of the date of registration. *See* Amend Cplt, Ex. B. The "u" in the assigned registration number is of importance (VAu 1-164-624), together with the fact that the registration does not state a date or nation of first publication, indicate that the registration is only for unpublished works. See id.; *see also Determined Prods.*, 1993 WL 120463, at *1.

However, the Photograph at issue was "first published" well before the date of registration on August 21, 2013. The Photograph was published by On Stage Magazine, on June 9, 2013, a publication for which Philpot holds the role as Executive Assignment Editor. Garson Decl. Exs. B & C.[3]

A like fact pattern existed in *Family Dollar Stores, Inc. v. United Fabrics Int'I,* Inc., 896 F. Supp. 2d 223 (S.D.N.Y. 2012). In that case, the counter-plaintiff had registered its designs as an unpublished collection, but some of those designs - including the design that the counter-defendants were alleged to have infringed were published months before the counter-plaintiff filed its copyright application. *Id*. at 230. The resultant effect was that the Court "invalidate[d] the registration as to the previously published designs," holding that the registration of an unpublished collection of works does not constitute a valid copyright registration for any previously published works within that collection. *Id*. at 231. Therefore, the copyright infringement claim of the counter-plaintiff was rejected (*Id*. at 234), and courts charged with adjudicating similar cases have dismissed on motion.  *See, e.g., McLaren*, 2010 WL 4615772, *2 (prior publication of certain drawings rendered registration invalid); *Determined Prods.,* 1993 WL 120463, at *1 (dismissing infringement claim where the works at issue "were published before their effective date of registration as an unpublished collection"); *See also Ledesma v. Del Records, Inc.*, No. 2:15-CV-4266-ODW -GJSX, 201S WL 8023002, at *3 (C.D. Cal. Dec. 4, 2015).

Therefore, lacking the requisite facts permitting plausible allegations of the existence of a valid copyright registration in the Photograph, Philpot's claim that the Defendants infringed his

---

[3] It is both permissible and proper for the Court, on a motion to dismiss. to take judicial notice of this facts - namely, the publication of the June 9, 2013 article.  the April 2012 article. *See TechnoMarine SA v. Jacob Time, Inc.*, No. 12 CIV. 0790 KBF, 2012 WL 2497276, at *1 (S.D.N.Y. June 22, 2012) ("The Court may take judicial notice of the fact that a publicly accessible website contains certain information."); *Muller-Paisner v. TIAA*, 289 Fed. App'x. 461, 466 n.5 (2d Cir. 2008) (taking judicial notice of defendants ' website for the fact of its publication).

copyright in the Photograph must be dismissed, and his prayer for statutory damages and attorney's

fees pursuant to 17 U.S.C. §§504(c) and 505 stricken.  *See* 17 U.S.C. § 412 (no award of statutory

damages or of attorney's fees shall be made where the work is unregistered).

##### II.    ONLY ACB AND NYO HAVE BEEN PROPERLY SERVED AND THEREFORE OBSERVER L.P. AND OBSERVER MEDIA FALL TO BE DISMISSED.

"Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process."

*Hahn v. Office & Prof'l Employees Int'l Union*, AFL-CIO, 107 F. Supp. 3d 379, 382 (S.D.N.Y.

2015). In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court

must look to matters outside the complaint to determine whether it has jurisdiction.  *Darden v.*

*DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y.) "On a Rule 12(b)(5)

motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan*

*v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292,

298 (2d Cir. 2005) (citing *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y.

2003))).

As far as NYO is aware ACB is a vestigial company with neither function nor assets and

the current management team of NYO which runs Observer.com were only made aware of any

current existence by virtue of the instant suit. Axiomatically, no Observer.com business is run

through ACB. Despite informing counsel for plaintiff of this fact on multiple occasions and

directing plaintiff to NYO, the correct entity, Plaintiff has seen fit to bloat the docket with unrelated

entities. As will be argued below, other than NYO, no other entity is a proper party in this case.

However, until the approximate date of August 14, 2017, only NYO had been properly

served as conceded by Plaintiff's Counsel in a letter to the Court (Dkt. 22) that the proof of service

of ACB (Dkt. 20) contained a "potential defect" as the affidavit of service stated that the entity

being served was "ACB Associates, L.P. S/H/A The New York Observer LP." (Dkt. 20). This

necessitated proper service on ACB to be effected which eventually transpired on or about August 14, 2017 (Dkt. 25).

Though service on ACB has been resolved, although belatedly, that still leaves the question of Observer L.P. which is still exists on the caption and as of yet has not been served. The reason why Observer L.P. has not been served is simple, it cannot be served independently of ACB as Observer L.P. is a prior corporate incarnation of ACB and does not have separate existence. Though this point is seemingly conceded by Plaintiff at Amend. Cplt. ¶7 which alleged that Observer L.P. is a "predecessor of ACB," Plaintiff is inexplicably resolute in maintaining suit against a specter that can only exist as ACB, which has now, eventually been served. Simply put, Observer L.P. should not appear on the caption as it does not exist, and Plaintiff's obstinacy in refusing to accept a research or drafting error is wasting the Court's time.

In a related fashion, no separate set of papers has been received and no affidavit of service exists with the Observer Media defendant and should be similarly dismissed.

### III. NYO IS THE ONLY PROPER DEFENDANT IN THIS CASE THEREFORE ACB AND OBSERVER MEDIA FALL TO BE DISMISSED.

As stated above, ACB has no known connection with Observer.com whereas NYO is the owner of the New York Observer publication as is evidenced by the public record. Counsel for Plaintiff only has to direct itself to the USPTO records to see that the trademark for the New York Observer is owned by New York Observer, LLC (Garson Decl. Ex. D). There is no ACB in sight.

Similarly and bizarrely, after being informed by Counsel for Defendants that NYO is the only proper party and is ready to engage with the allegations in the Amended Complaint, Plaintiff also saw fit to bring suit against a corporate "John Doe" in the form of Observer Media. Such an approach is only proper when the correct defendant cannot be identified. Here, Plaintiff is being informed squarely which company is the proper defendant and in the face of such, Philpot had not

presented any allegations sufficient to warrant a piercing of the corporate veil to any other, let alone against one unknown to him. Without such, there is no basis for liability against any other party and they should be dismissed as an improper party, with New York Observer, LLC remaining.

## CONCLUSION

Based on the forgoing it is our submission that the law is clear in the circumstances where a claim is brought on the basis of a copyright registration that is fundamentally erroneous, Philpot's claim that the Defendants infringed his copyright in the Photograph must be dismissed, and his prayer for statutory damages and attorney's fees pursuant to 17 U.S.C. §§504(c) and 505 stricken.

In the event that the Court manages to overcome the above hurdle, which we submit is insurmountable, the claim as it stands against The New York Observer, L.P. must be dismissed on the basis that it has not been served, since it cannot be served. Similarly, no attempt has been made to serve Observer Media such that the existence of a nominal defendant has been rendered otiose by the inclusion of New York Observer, LLC.

Finally, we submit that the case against ACB should be dismissed on the basis that it is an improper party and accordingly, Plaintiff has failed to state a claim against that entity upon which relief can be granted.

Dated: New York, New York
      August 28, 2017

                        Respectfully Submitted,
                        **Garson, Ségal, Steinmetz, Fladgate LLP**


By:   /s/ Robert Garson
                        Robert Garson (*RG-1521*)
                        Chris Han (CH8766)
                        164 West 25th Street, Suite 11R
                        New York, NY 10001
                        Tel  (212) 380-3623
                        Fax (347) 537-4540
                        rg@gs2law.com

                        *Attorneys for Defendants*

11