UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
LARRY PHILPOT,
Plaintiff,

17 Civ. 4646 (DAB)
**MEMORANDUM & ORDER**

v.

ACB ASSOCIATES, L.P., et al.,
Defendants.
-------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On June 20, 2017, Plaintiff Larry Philpot filed suit against Defendants ACB Associates, L.P. ("ACB"), the New Observer, L.P. ("Observer L.P."), the New York Observer, LLC ("NYO"), and "Company ABC" d/b/a Observer Media for copyright infringement in violation of 17 U.S.C. §§ 106 and 501 based on Defendant's reproduction of his photograph of musician Larry Gatlin (the "Photograph"). Plaintiff amended his Complaint on July 17, 2017. Defendants moved to dismiss Plaintiff's Amended Complaint on August 28, 2017, and Plaintiff opposed. For the following reasons, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff is an Indiana-based professional music photojournalist. (Am. Compl. ¶ 5.) ACB is a Delaware limited partnership with its principal placed of business in New York.

**(Id. ¶ 6.) It was served on August 14, 2017 via the New York Secretary of State's Office. (ECF No. 25.) Plaintiff alleges that Observer L.P. "is a predecessor of ACB." (Am. Compl. ¶ 7.) Plaintiff allegedly served Observer L.P. via the Secretary of State by naming "ACB Associates, L.P. s/h/a the New York Observer L.P." (ECF No. 20). NYO is a Delaware LLC with its principal place of business in New York. (Id. ¶ 8.) It was served on July 21, 2017 via the New York Secretary of State's Office. (ECF No. 19.) "Company ABC" d/b/a Observer Media is a corporate Doe defendant, which has not been identified or served. (Am. Compl. ¶ 9.)**

**Plaintiff created the Photograph in question and registered a copyright for it in a collection of photographic works in 2013. (Id. ¶¶ 10-12; id., Exs. A-B.) Plaintiff alleges that Defendants, or some combination thereof, infringed upon his copyright when they published an article entitled "DO: See Country Legend Larry Gatlin's Acoustic Perforamnce at Vinegar Hill Theater" (the "Article") accompanied by the Photograph at http://observer.com/2016/06/do-see-country-legend-larry-gatlins-acoustic-performance-at-vinegar-hill-theater/. George Dvorsky, DO: See Country Legend Larry Gatlin's Acoustic Perforamnce at Vinegar Hill Theater, Observer (June 16, 2016, 9:11 pm),**

http://observer.com/2016/06/do-see-country-legend-larry-gatlins-acoustic-performance-at-vinegar-hill-theater/.[1]

Plaintiff alleges that the website posting the Article and Photograph, www.observer.com (the "Website"), is operated by "Observer Media," but there is no legal entity with that name. (Am. Compl. ¶¶ 14-16.) Plaintiff alleges that the Website contains a link to Terms of Service, located on a separate website, www.observermedia.com, and updated on August 12, 2014. (Id. ¶ 18.) The Terms of Service state that it is owned and operated by Observer L.P. (Id.) The current Terms of Service, updated as of August 1, 2017, state: "This website is owned and operated by The New York Observer, LLC." Terms of Service, Observer Media, http://www.observermedia.com/terms. Plaintiff also alleges that the Website contains a link to a Privacy Policy, also located at www.observermedia.com and updated on August 12, 2014, which directs interested parties to contact NYO. (Am. Compl. ¶¶ 19-20; Privacy Policy, Observer Media, http://www.observermedia.com/privacy-policy.)

## II. Discussion

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Observer L.P. and

[1] A different photograph of Larry Gatlin now accompanies the article.

**Observer Media have not been properly served and pursuant to Rule 12(b)(6) on the basis that Plaintiff's copyright registration is not valid and that only NYO should be a Defendant in this case.**

**A. Legal Standard for a Rule 12(b)(5) Motion to Dismiss**

**Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process. When a defendant brings a Rule 12(b)(5) motion, "the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010). And in considering such a motion, the Court must look "to matters outside the complaint to determine whether it has jurisdiction." Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." Klein v. HongKong & Shanghai Hotels, Ltd., No. 06 CIV. 377 (DAB), 2007 WL 1098735, at *4 (S.D.N.Y. Apr. 9, 2007) (quoting Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)).**

**B. Application to Service of Observer L.P. and Observer Media**

**There is no record that Observer L.P. or Observer Media has been served. The Affidavit of Service which purports to reflect service on Observer L.P. says that service is upon "ACB**

**Associates, L.P. [sued herein as] the New York Observer L.P." (ECF No. 20.) Plaintiff carries the burden of proving that service was sufficient and has done nothing to meet that burden. He does not explain why using the "sued herein as" designation suffices. He only states, conclusorily that he properly served Observer L.P. (Pl.'s Mem. Law Opp. Defs.' Mot. Dismiss at 9.)**

**Other than stating that "[D]efendants' corporate structure prevents [him] from determining with certainty which of the [D]efendants committed an infringement" (id.), Plaintiff does not offer justification for having a corporate Doe Defendant in this case. And there is no evidence that Observer Media has been served.**

**Accordingly, the New York Observer, L.P. and "Company ABC" d/b/a Observer Media are DISMISSED as Defendants.**

**C. Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

**For a complaint to survive a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained,**

> **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted**

> unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Supreme Court further stated,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

In considering a Rule 12(b)(6) motion, the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002); Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

However, this principle is "inapplicable to legal conclusions," Iqbal, 556 U.S. at 678, which, like the complaint's "labels and conclusions," Twombly, 550 U.S. at 555, are disregarded. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." Id. at 555. In resolving a 12(b)(6) motion, a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

### D. Whether Plaintiff Fails to Allege Ownership of a Valid Copyright

Defendants argue that Plaintiff has failed to allege plausibly ownership of a valid copyright because a published work included in an unpublished collection copyright registration application cannot properly be registered. (Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") at 5-8.) In support of this argument, Defendants seek to introduce evidence that the Photograph was previously published on the On Stage Magazine website, a publication for which Plaintiff is allegedly the Executive Assignment Editor. (Id. at 7; Decl. of Robert Garson in Supp. Defs.' Mot. Dismiss ¶¶ 3-4, Exs. B-C.)

The documents upon which Defendants rely are not incorporated by reference in the Amended Complaint. See DiFolco, 622 F.3d at 111. It is therefore improper for the Court to

**consider them in ruling on a Motion to Dismiss, and the Court declines to convert the instant Motion to a Motion for Summary Judgment.**

**The cases upon which Defendants rely support the Court's determination that it will not consider these documents at this stage of the proceedings. For example, Family Dollar Stores, Inc. v. United Fabrics International, Inc., 896 F. Supp. 2d 223 (S.D.N.Y. 2012), addressed a motion for summary judgment. Although McLaren v. Chico's FAS, Inc., No. 10 CIV. 2481 JSR, 2010 WL 4615772 (S.D.N.Y. Nov. 9, 2010), involved a motion to dismiss, Judge Rakoff's ruling made clear that the complaint itself in that action provided support for the proposition that the illustrations in question had been previously published. Id. at *2.**

**Although the Court has discretion to take judicial notice of internet material at the Motion to Dismiss stage, the Court declines to take notice of the purported prior publication. See Boarding Sch. Review, LLC v. Delta Career Educ. Corp., No. 11 CIV. 8921 DAB, 2013 WL 6670584, at *9 (S.D.N.Y. Mar. 29, 2013). Accordingly, Defendants' Motion to Dismiss is DENIED on this basis.**

**E. Whether Only NYO Should Remain as a Defendant**

Defendants also argue that ACB and Observer Media should be dismissed because NYO operates the Website. (Defs.' Mem. at 9-10.) In support of their argument, Defendants indicate that public records, including the trademark registration for the New York Observer, show that NYO is the owner of the New York Observer publication and therefore the Website. (Id. at 9.) In this situation, the Court takes notice of these documents. See Boarding Sch. Review, 2013 WL 6670584, at *9. It also takes notice of the fact that the Terms of Service for the Website, which are referenced in the Amended Complaint, have been updated to reflect ownership by NYO. See supra p. 3. The Court is also mindful of the fact that Defendants have informed Plaintiff multiple times of the fact that NYO is the proper entity for suit. (See ECF Nos. 21 and 23.) Although none of these facts is dispositive, together they make Plaintiff's claims that ACB infringed upon his copyright implausible. Accordingly, ACB is DISMISSED as a Defendant.

Defendants also argue that corporate Doe defendants are only appropriate when the correct defendant cannot be identified. This is not the case here as NYO owns and operates the Website. Accordingly, "ABC Company" d/b/a Observer Media is DISMISSED as a Defendant.

**F. Leave to Amend**

When a complaint has been dismissed, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may dismiss without leave to amend when amendment would be "futile," or would not survive a motion to dismiss. Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 491 (2d Cir. 2011). Here, amendment would be futile because NYO is the proper Defendant in this case.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motions to Dismiss is GRANTED in part and DENIED in part. Defendant NYO is to answer the Amended Complaint within 30 days of the date of this Memorandum & Order.

SO ORDERED.

DATED: New York, NY
March 23, 2018

Deborah A. Batts
Deborah A. Batts
United States District Judge